[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO COMPEL
This is an action for dissolution of marriage in which the judgment was entered on November 14, 2000. The parties submitted a handwritten agreement dated November 10, 2000, which provided the basis for the judgment. Inclusive in that agreement at paragraph No. 14 was the following statement: "In consideration of the overall property settlement, the plaintiff shall be awarded by way of a Qualified Domestic Relations Order the sum of $35,000 from the defendant's 401K plan. The plaintiff shall be responsible for any of the income tax due/costs as to any disbursement. The Court shall retain jurisdiction over the QDRO to enforce its intent."
Pursuant to that agreement and the judgment, plaintiff's counsel caused a Qualified Domestic Relations Order to be prepared. That process took some 90 days according to counsel and, upon receipt of the Qualified Domestic Relations Order, the parties received a communication from the plan administrator.
The plan administrator provided an explanation which informed the parties how the funds were held and how they had been invested. He calculated the number of shares that would total $35,000, as of November 10, 2000. He also provided an explanation that as of as of May 4, 2001 (the final date on which the transfer of shares was accomplished) those same shares were worth $32,625.30.
The question addressed in the motion to compel is whether the sum of $35,000 should be transferred regardless of the fluctuation of value from the date of the judgment until the time that the actual transfer takes place.
"In a dissolution action, marital property is valued as of the date of dissolution. Tobey v. Tobey, 165 Conn. 742, 748-49, 345 A.2d 21 (1974);Cuneo v. Cuneo, 12 Conn. App. 702, 533 A.2d 1226 (1987). The terms of the CT Page 8217 Qualified Domestic Relations Order itself indicate that "the plaintiff's interest shall be periodically adjusted to reflect its proportionate share of (i) the investment earnings, gains and losses of the plan's assets and (ii) the administrative expenses of the plan. These adjustments shall be for the periods after the date specified in the preceding sentence and until alternate payee's interest has been paid from the plan." That portion of the Qualified Domestic Relations Order indicates the intent of the parties.
Under the circumstances presented here, had the plaintiff received the $35,000 transfer pursuant to the QDRO on the date of the judgment, that asset would have decreased in value. Under these circumstances, to impose the overall decrease in the value of the asset upon one party would be manifestly unfair. Further, to imagine that the plaintiff would have invested his 401K funds in a different manner, or with different results, would be purely speculative.
For the foregoing reasons, the plaintiff's motion to compel is hereby denied.
ROBAINA, J.